*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0015p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

MIDWEST MEDIA PROPERTY, L.L.C., CTI
PROPERTIES, L.L.C., and SPECKERT, L.L.C.,
                                    *Plaintiffs-Appellants,*

    *v.*

SYMMES TOWNSHIP, OHIO,
                                    *Defendant-Appellee.*

No. 06-3828

Filed: January 10, 2008

Before: CLAY and SUTTON, Circuit Judges; GREER, District Judge.[*]

## ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and less than a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.

---

[*] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

1

CLAY, Circuit Judge, dissenting from the denial of rehearing *en banc*, in which MARTIN, MOORE and COLE, Circuit Judges, join. Because I believe that a panel of this Court is bound by Sixth Circuit and Supreme Court precedent, I dissented from the original panel decision in this case. Because I also believe that the *en banc* Court has a duty to resolve conflicts between new decisions and earlier, incompatible precedents, I dissent as well from the denial of rehearing *en banc*.

*En Banc* review of a panel decision is appropriate to prevent conflicting authority on a legal question or to review a question of exceptional public importance. Fed. R. App. P. 35(a). In this case, the panel majority denied standing to Plaintiffs challenging local sign construction ordinances on First Amendment grounds. In so holding, the majority committed two precedent-setting errors which conflict with prior decisions of this Court or the Supreme Court, thus justifying *en banc* review. Because the challenged ordinances constitute a prior restraint and are therefore unconstitutional in their entirety, the majority erred when it held that portions of the challenged sign ordinances were both constitutional and severable from the whole. Moreover, the majority improperly applied a heightened pleading standard when it held that this Court may ignore the portions of Plaintiffs' complaint which are not contained in the "substantive counts of the complaint."

Furthermore, the majority misrepresents the record by claiming that Plaintiffs "chose not to challenge" certain parts of the sign construction ordinances. Because this case concerns the First Amendment, an unfavorable decision by this Court will forever bar Plaintiffs from engaging in their preferred method of speech. The unconstitutional censorship which will likely result constitutes a matter of exceptional public importance which also justifies *en banc* review.

## I.       The Majority Opinion

Plaintiffs were denied permits to erect commercial billboards in Symmes Township, Ohio ("Township"), and challenged the Township's sign regulations on First Amendment grounds. The contested sign regulations provide numerous restrictions on the size and type of signs which may appear in various locations throughout the Township. In pertinent part, the sign regulations prohibit commercial advertising off the premises of the business being advertised. They require all signs to be set back ten feet from pavement and rights-of-way, and five feet from adjoining property, and they provide disparate standards for different categories of signs, such as signs identifying non-profit organizations, construction signs, real estate signs, traffic control signs and political signs.

In total, Plaintiffs submitted nine applications for a permit to construct a sign in the Township, each of which were rejected by the Township either for failing to comply with the prohibition on "off premises signage," for proposing a billboard "not next to interstate highway," for failing to comply with limits on the number of signs which could be constructed on a particular parcel, or for exceeding height and area restrictions. Additionally, the Township now argues that, in denying each application, it initially gave only a few of several valid justifications for denial under the sign regulations. Specifically, the Township argues that each proposed sign violates the restrictions on height and area and that they violate the rule against off-premises advertising. Plaintiffs responded to the denial of its applications with this lawsuit seeking to enjoin the challenged sign regulations, and arguing, among other claims, that the sign regulations constitute unconstitutional content discrimination, and that the overall regulatory scheme constitutes a prior restraint.

In their complaint, Plaintiffs refer repeatedly to the regulations being challenged as the "Sign Regulations," a term which they define as referring to "Article XXXI of the Symmes Township Zoning Resolution and, collectively to those sections of the Resolution that define [or] otherwise regulate signs." Nevertheless, the majority determined that "plaintiffs chose not to challenge the size and height requirements in their complaint," *Midwest Media Property, L.L.C. v. Symmes*

*Township*, 503 F.3d 456, 461 (6th Cir. 2007), even though those size and height requirements appear in Article XXXI of the Zoning Resolution, and they regulate signs.

Having made this improper determination, the majority further determined that these size and height requirements are severable from the overall sign regulatory scheme, and held that Plaintiffs lack standing to bring their claim. According to the majority, even if the remainder of the sign regulations were invalidated, "that would not redress plaintiffs' injury because the size and height restrictions still would preclude the township from approving their sign applications and thus still would preclude plaintiffs from erecting each of these signs." *Id.* at 461–62.

## II.     Severability of a Prior Restraint

Plaintiffs claim in count one of their complaint that "[t]he Sign Regulations require citizens, organizations, and businesses to seek the prior approval of the Township officials prior to posting signs. They fail, however, to circumscribe the time in which government officials must approve or deny requests for permission to do so." Assuming these allegations are true, the challenged regulations therefore constitute an unconstitutional prior restraint. *See Freedman v. Maryland*, 380 U.S. 51, 58–59 (1965) (holding that, when private speech requires a prior license from a government agency, this license must either be issued or denied "within a specified brief period"); *see also Lusk v. Village of Cold Spring*, 475 F.3d 480, 487 (2d Cir. 2007) (invalidating an ordinance regulating signs on prior restraint grounds); *Cafe Erotica of Florida, Inc. v. St. Johns County*, 360 F.3d 1274, 1282–83 (11th Cir. 2004) (same). Furthermore, when a prior restraint scheme lacks required judicial safeguards, such a deficiency renders any part of the scheme which lacks these safeguards unconstitutional. *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville and Davidson County*, 274 F.3d 377, 402-03 (6th Cir. 2001). When the entire statutory scheme lacks these safeguards, then the entire scheme is unconstitutional on its face. *Id.*

In the instant case, Plaintiffs challenged the Township's entire sign regulation scheme, arguing that it amounts to an unconstitutional prior restraint. Yet the majority did not follow this Court's decision in *Deja Vu of Nashville*, instead holding that the regulations governing the size and height of signs may be constitutional and severable from the overall scheme. *Midwest Media*, 503 F.3d at 463. The *en banc* Court should review this case to resolve this newly-created conflict between *Midwest Media* and *Deja Vu of Nashville*.

Furthermore, the majority's error in ignoring *Deja Vu of Nashville* was compounded by its subsequent decision to reach the merits of some of Plaintiffs' claims in order to deny standing on others. More than simply denying Plaintiffs standing in the entirety of their prior restraint claims, the majority instead determined—incorrectly—that portions of the overall sign ordinance scheme are constitutionally valid, then used this determination to hold that Plaintiffs lack a redressable injury. *Id.* at 464. Not only does its holding on some of the merits of Plaintiff's prior restraint claim conflict with Sixth Circuit precedent, *see Deja Vu of Nasvhille*, 274 F.3d at 402–403, but its decision to reach the merits of some portions of a claim and then use this merits determination to deny standing on the remainder conflicts with both our well-established precedent and that of the Supreme Court. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception."); *1064 Old River Road, Inc. v. City of Cleveland*, 137 Fed.Appx. 760, 764 (6th Cir. 2005) ("Before turning to the merits, [a court] must address the plaintiffs' standing to raise several constitutional claims and [ ] must do so even though some of those constitutional claims are easier to resolve than the standing question attached to them.") We should review the panel decision *en banc* to resolve this conflicting authority.

### III.    The Majority's Heightened Pleading Standard

The majority also erred by applying a heightened pleading standard to Plaintiffs' complaint. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)).[1]

In the instant case, Plaintiffs alleged that "[t]he Sign Regulations require citizens, organizations, and businesses to seek the prior approval of the Township officials prior to posting signs. They fail, however, to circumscribe the time in which government officials must approve or deny requests for permission to do so." Furthermore, Plaintiffs expressly stated that the challenged regulations include all "those sections of the Resolution that define [or] otherwise regulate signs." Based on this complaint, the Township had fair notice that the entirety of the sign regulations contained in a particular resolution were under challenge, and that they were being challenged as an unconstitutional prior restraint.

The majority, however, applied a heightened pleading standard, holding that even though Plaintiffs' complaint expressly challenges all parts of Defendant's sign ordinances, this language must be ignored because it was not contained in the "substantive counts of the complaint." *Midwest Media*, 503 F.3d at 465. The majority cites no case law to support its unorthodox proposition that only the "substantive counts" of a complaint should be read by this Court, and it provides no definition of the words "substantive counts" to allow future judges to determine which portions of a complaint should be ignored. Moreover, the majority's unusual holding conflicts with the Supreme Court's decision in *Erickson v. Pardus*, and thus should be reviewed by the *en banc* Court.

### IV.    Exceptional Public Importance

The Supreme Court has held that "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 559 (1976). By erroneously denying Plaintiffs standing, however, the majority has subjected Plaintiffs to this most serious and least tolerable infringement. Furthermore, as the majority's decision leaves the Township free to maintain an unconstitutional system of prior restraint, Plaintiffs may be permanently subjected to unconstitutional censorship. Such a possibility presents a matter of exceptional public importance which should be reviewed by the *en banc* Court.

### V.    Conclusion

The panel majority's decision not only errs as a matter of law, it creates unreconcilable conflicts in an exceptionally important area of First Amendment jurisprudence. I pity the poor litigants and district judges who, faced with such clashing decisions and lack of guidance from this

---

[1] *Twombly* held that in some cases, a plaintiff must plead particular facts in their complaint. 127 S.Ct. at 1965. In *Erickson*, a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state "[s]pecific facts" in their complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself suggests that its holding may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. 127 S.Ct. at 1973 n. 6. The instant case involves a § 1983 case with very few factual disputes, not a complex business suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson*.

Court, must now attempt to unravel the confusion which the panel majority has created.  Even worse, I regret that the *en banc* Court has chosen to remain silent on this question, thereby quashing the First Amendment rights of Plaintiffs through its silence.

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green
_____
Clerk